UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Estate of Emilie Grace Xiao
Ying Olsen, deceased,

      Plaintiff,

v.

Fairfield City School District
Board of Education, *et al.,*

      Defendant.

Case No. 1:15cv787

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon two motions addressing the discoverability of certain medical records: (1) the Motion to Compel Plaintiffs to Identify Decedent's Medical Records filed by Defendants Candy Bader, Lincoln Butts, Allison Cline, John/Jane Doe 21, John/Jane Does 11-20, Fairfield City School District (Doc. 135); and (2) the Motion for Protective Order filed by Plaintiffs, Estate of Emilie Grace Xiao Ying Olsen, deceased, by and through Marc and Cynthia Olsen, as Co-administrators of the Estate, *et al*. (Doc. 142).

In the Second Amended Complaint, Plaintiffs claim that the bullying, harassment, and sexual and racial discrimination suffered by Emilie Olsen at Fairfield Middle School and Fairfield Intermediate School led to her suicide on December 11, 2014. (Doc. 92). The current discovery dispute relates to the medical records of Emilie. Counsel for Plaintiffs has described the procedural background leading up to the filing of these motions:

> On July 28, 2016, the Fairfield school defendants served the first set of interrogatories request for production of documents on plaintiffs, Mark and Cindy Olson.
>
> …
>
> The Fairfield School Defendants' First Set of Interrogatories and Request for Production of Documents requested all of Emilie's medical care providers and medical records including any mental health counseling or psychiatric or psychological records for her entire lifetime without any limitation.
>
> …
>
> The medical records produced by plaintiffs, Mark and Cindy Olson, span half of Emilie's fifth grade year (2012-2013), all of her sixth-grade year (2013-2014), and the half of her seventh grade year (2014-2015) immediately preceding her death on December 11, 2014.

(Doc. 142-1, Peter L. Ney Esq. Aff., filed under seal., paragraphs 2,4, & 6).

Plaintiffs seek a protective order finding that Plaintiffs are only required to produce Emilie's medical care providers and medical records for the two years prior to her death (December 11, 2012 – December 11, 2014). Plaintiffs maintain that any medical records outside this period of time are not causally related to the allegations contained in the Second Amended Complaint because their claims are only based upon events during Emilie's sixth and seventh grade years. Plaintiffs also maintain that the medical records are protected by the physician-patient privilege. Defendants seek an order compelling Plaintiffs to produce these records, arguing that any conditions or health problems which may have affected Emilie's emotional state are relevant, and therefore, all of the medical records should be produced.

In order to determine whether the remaining medical records should be produced, the Court ordered that the records to be submitted to the Court for an *in camera* review. *Accord Mann v. Univ. of Cincinnati*, 824 F. Supp. 1190, 1201 (S.D. Ohio), aff'd, 152 F.R.D.

2

119 (S.D. Ohio 1993) (explaining that "materials should be submitted to the Court for *in camera* review, where the resisting party's claims of privilege and irrelevance can be balanced against the opposing party's claims of relevance and need.").

Federal Rule of Civil Procedure 26(b) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  In federal court, evidentiary privileges are governed by Rule 501 of the Federal Rules of Evidence.  Where a plaintiff alleges federal and state claims, the Sixth Circuit has held that federal common law controls under Rule 501.  *Hancock v. Dodson*, 958 F.2d 1367, 1372-73 (6th Cir. 1992).

"It is well-settled that, under the federal common law, there is no physician-patient privilege."  *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 551 (S.D. Ohio 2014) (citing *Hancock*, 958 F.2d at 1374).  Because Plaintiffs have brought both federal and state law claims in this case, the medical records are not covered by a physician-patient privilege.  However, the United States Supreme Court has recognized a psychotherapist-patient privilege. *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 551 (S.D. Ohio 2014) (citing in *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996)).  Nevertheless, "placing one's mental health at issue constitutes waiver of the privilege."  *Simon v. Cook*, 261 F. App'x 873, 886 (6th Cir. 2008).

Even if the Court were to conclude that the physician-patient or psychotherapist-patient privilege does not apply, this does not end the Court's inquiry. The Court must determine whether the medical records are relevant to Plaintiffs' claims or Defendants' defense that there are alternative causes for Emilie's suicide.  *Accord White v. Honda of Am. Mfg., Inc.*, No. 2:07-CV-216, 2008 WL 5431160, at *2 (S.D. Ohio Dec. 31, 2008).

3

Upon review of these records, the Court determines that the information it has reviewed is not causally or temporarily related to the issues raised in the pleadings. The documents do not include any references to difficulty in school, classmates, or internet communications. Therefore, the Court determines said records shall remain sealed and are not subject to disclosure at this time. However, the Court cautions Plaintiffs that this determination may be revisited at the request of the parties or *sua sponte*, depending on the content of deposition testimony, expert reports, or other issues raised in the discovery process.

Accordingly, Defendants' Motion to Compel Plaintiffs to Identify Decedent's Medical Records (Doc. 135) is **DENIED**; and Plaintiffs' Motion for Protective Order is **GRANTED** (Doc. 142).

IT IS SO ORDERED.

                                        */s/ Michael R. Barrett*
                                        Michael R. Barrett, Judge
                                        United States District Judge